UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEE MEMORIAL HEALTH SYSTEM,

    Plaintiff,

v.                          Case No: 2:18-cv-617-FtM-99CM

LEXINGTON INSURANCE COMPANY,
a Delaware corporation,
LESLEY HOLMAN, as plenary
guardian of Vivian Pedro,
DOMINGO PEREZ TROY, as
father and natural guardian
of J.A.P.-P, and MARIA PEDRO
RUPERTO, individually,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on review of the Complaint (Doc. #1) filed on September 13, 2018, seeking declaratory relief. Because of several pleading deficiencies relating to subject matter jurisdiction, the Complaint will be dismissed without prejudice and with leave to file an amended complaint pursuant to 28 U.S.C. § 1653.[1]

While paragraph 2 of the Complaint cites the federal question jurisdiction statute, 28 U.S.C. § 1331, no federal question claim is presented. Plaintiff may not rely upon 28 U.S.C. § 2201 as a

---

[1] If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case. Fed. R. Civ. P. 12(h)(3).

basis for jurisdiction since the Declaratory Judgment Act is "procedural only" and does not provide a basis for subject-matter jurisdiction. Medtronic. Inc. v. Mirowski Family Ventures LLC, 571 U.S. 191, 134 S. Ct. 843, 848 (2014); Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950).

Subject-matter jurisdiction is also premised on the diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332. (Id., ¶¶ 1, 2.) Diversity jurisdiction requires complete diversity of citizenship, and that the matter in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). Plaintiff has not adequately pled these requirements.

Plaintiff Lee Memorial Health System has not alleged its citizenship. Rather, plaintiff merely alleges that it operates a public health care system in Lee County, Florida, pursuant to a special act of the Florida legislature. (Id., ¶3.) Such an entity may or may not be a citizen of a state. Compare Moor v. Alamed County, 411 U.S. 693 (1973) ("a political subdivision of a State is a citizen of the State for diversity purposes") with University of South Alabama v. American Tobacco Co., 168 F.3d 405, 412 (11th Cir. 1999) ("it is well established that a state is not a citizen of a state for the purpose of diversity jurisdiction under 28 U.S.C. § 1332."). See Gillies v. Lee Mem'l Health Sys., No. 2:13-

CV-442-FTM-29DNF, 2014 WL 4071673, at *1 (M.D. Fla. Aug. 18, 2014) ("The Eleventh Circuit Court of Appeals has recognized defendant's status as a political subdivision of the State of Florida" (citing F.T.C. v. Hosp. Bd. of Directors of Lee Cnty., 38 F.3d 1184, 1188 (11th Cir. 1994))). Since plaintiff relies upon diversity jurisdiction, it will be required to allege its citizenship in an amended complaint.

Plaintiff alleges that defendant Lexington Insurance Company is a Delaware corporation doing business in the State of Florida, but does not allege its principal place of business. (Id., ¶ 4.) A corporation is a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); Hertz Corp. v. Friend, 559 U.S. 77 (2010). Therefore, the allegations are insufficient, and must be corrected in the amended complaint.

Plaintiff alleges that the individual defendants Lesley Holman, Domingo Perez Troy, and Maria Pedro Ruperto are residents and therefore citizens of the State of Florida. (Doc. #1, ¶¶ 6-8.) These allegations are also insufficient to properly allege the citizenships of the individual defendants. "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). Pleading residency is not the

equivalent of pleading domicile.  <u>Molinos Valle Del Cibao, C. por A. v. Lama</u>, 633 F.3d 1330, 1341 (11th Cir. 2011); <u>Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.</u>, 561 F.3d 1294, 1297 (11th Cir. 2009).  This must be addressed in an amended complaint.

It would appear that the presence of the individual defendants, once properly plead, may defeat complete diversity of citizenship.  Plaintiff asserts that the individual defendants should be ignored for purposes of establishing diversity jurisdiction because they are nominal parties from whom plaintiff seeks no redress, and alternatively, they should be realigned as plaintiffs because their interests coincide with those of plaintiff.  The Court declines to reach these issues since an amended complaint will be required and the input of the individual parties as to these issues would be beneficial.

Finally, the Complaint must be amended to sufficiently allege that the amount in controversy exceeds $75,000.  Other that the conclusory statement in paragraph 2, there is no factual basis for the court to conclude the jurisdictional amount is satisfied in this case.

Accordingly, it is now

**ORDERED:**

The Complaint (Doc. #1) is **dismissed** for lack of subject-matter jurisdiction without prejudice to filing an Amended

Complaint within **SEVEN (7) DAYS** of this Order.  If no Amended Complaint is filed, the case will be closed.

**DONE AND ORDERED** at Fort Myers, Florida, this __4th__ day of October, 2018.

*/s/ John E. Steele*
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record