UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEE MEMORIAL HEALTH SYSTEM,

    Plaintiff,

v.                                        Case No: 2:18-cv-617-FtM-38UAM

LEXINGTON INSURANCE
COMPANY, LESLEY HOLMAN,
DOMINGO PEREZ TROY and
MARIA PEDRO RUPERTO,

    Defendants.
_____/

## **ORDER**[1]

Before the Court is Defendant Lexington Insurance Company's Motion to Consolidate (Doc. 42) and Plaintiff Lee Memorial Health System's response in opposition (Doc. 44). For the following reasons, the Court denies the Motion to Consolidate.

Lexington contends this action relates to a separate proceeding involving Lee Health: *Allied World Assurance Co. v. Lee Memorial Health System*, No. 2:18-cv-00158 (M.D. Fla.). Both actions are before the Court. And each relates to yet another separate action, which involves medical negligence. *Holman v. United States*, No. 2:18-cv-00076 (M.D. Fla.). This case and *Allied World* concern insurance coverage for the underlying

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

medical negligence action. (Doc. 42 at 2). But the parties dispute the existence of common law or fact between these cases. Lexington asserts that common issues of law and fact exist because a coverage exclusion in its policy may trigger if another insurer provides coverage. (Doc. 42 at 4-6). Lee Health maintains there are no common issues and consolidation is prejudicial given the different procedural posture of *Allied World*.

Under Rule 42, the Court may order the consolidation of actions on its docket that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). This power derives from "a trial court's inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (quoting *In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006, 1012 (5th Cir. 1977)). A court's decision to consolidate is "purely discretionary." *Id.* When exercising this "considerable discretion," courts must consider: (1) "whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues"; (2) "the burden on parties, witnesses and available judicial resources posed by multiple lawsuits"; (3) "the length of time required to conclude multiple suits as against a single one"; and (4) "the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Eghnayem v. Bos. Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017) (quoting *Hendrix*, 776 F.2d at 1495).

After considering the above factors, the Court finds that consolidation is inappropriate for at least two reasons.

First—at this point—it does not appear that *Allied World* has common issues of law or fact that require consolidation. Both cases involve separate matters of contract

interpretation, limiting the risk of inconsistent judgments on any common matters. The issue in each case is whether coverage exists under the specific policy, not which policy provides coverage. The Court's impression may change later. If so, the Court could consolidate the cases *sua sponte*. *See, e.g.*, Watson v. Adecco Emp't Serv., Inc., 252 F. Supp. 2d 1347, 1351 (M.D. Fla. 2003). Yet the Court cannot find that the cases involve common questions of law or fact right now. So consolidation under Rule 42(a) is improper. *See* Gillis v. Deutsche Bank Trust Co. Americas, No. 2:14-cv-418, 2015 WL 368461, at *2 (M.D. Fla. Jan. 27, 2015).

And second, these cases are in different procedural postures. In *Allied World*, discovery concluded and a ripe motion for summary judgment is pending; whereas, here, discovery will not finish for three months and dispositive motions are not due for four months. Thus, consolidation would require the Court to reopen discovery in *Allied World* or stay it for at least four months until this case catches up. The Court declines to do either. To provide the *Allied World* litigants with a "just, speedy, and inexpensive determination" of their action, the Court must deny this Motion. *See* Fed. R. Civ. P. 1. Even if *Allied World*'s resolution is relevant here, the current scheduling orders allow the Court to decide that case first, making consolidation unnecessary.

In sum, the Court finds it would be inappropriate and ineffective to exercise its discretion and consolidate these cases. Thus, the Motion is denied.

Accordingly, it is now

**ORDERED:**

Defendant Lexington's Motion to Consolidate (Doc. 42) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of March, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record